IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **WENDY MINTER,** | | FILED: APRIL 10, 2008 |
| | | 08CV2050           TC |
| **Plaintiff,** | No. | JUDGE SHADUR |
| | | MAGISTRATE JUDGE COX |
| v. | | |
| **G&D INTEGRATED DISTRIBUTION, INC.,** | | **Jury Trial Requested** |
| **Defendant.** | | |

## COMPLAINT

NOW COMES Plaintiff, WENDY MINTER, by and through her counsel, LISA KANE & ASSOCIATES, P.C., complaining of Defendant, G&D INTEGRATED DISTRIBUTION, INC., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, WENDY MINTER, is a female United States citizen who resides in Illinois.

5. Defendant, G&D INTEGRATED DISTRIBUTION, INC., is an Illinois corporation which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 18, 2008, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on April 1, 2008, which Plaintiff received on April 7, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period. Following Defendant's termination of Plaintiff's employment, an additional charge of discrimination was filed on February 26, 2008, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue, relative to the February 26, 2008 charge, on March 4, 2008, which Plaintiff received on March 6, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – TITLE VII - GENDER DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant's predecessor in August 2001 as a Fork Lift Operator, and in approximately 2004 was promoted to the position of Lead Person.

9. Throughout her six and one-half (6.5) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's excellent performance evaluations, merit-based raises, bonuses, promotion, and complementary messages from Defendant's customers, and any assertion to the contrary is a pretext for discrimination.

10. Throughout her career, Plaintiff has been assigned to the Oswego location. During her career as Lead Person for Defendant, Plaintiff was the only female Lead Person at the Oswego location.

11. In approximately June 2007, Plaintiff was placed under the supervision of Chris Downs, Operations Manager. Since her assignment to Operations Manager Downs, Plaintiff has been harassed and held to a higher standard in the terms and conditions of her employment than her similarly situated male co-workers. Examples of such disparate treatment follow.

12. In contrast to Plaintiff, who performed the same duties and had the same responsibilities, on information and belief Defendant compensated its male Lead Persons higher than Plaintiff, including Jim Clark, Rodney Hayden, and Bob Diesburg.

13. Since June 2007, Operations Manager Downs has harassed Plaintiff in a manner that was detrimental to her professional career with Defendant by isolating Plaintiff, speaking to her in a demeaning manner, spreading false allegations about Plaintiff, and constantly spying and monitoring Plaintiff in a manner not afforded to male employees.

14. In contrast to Plaintiff, Operations Manager Downs will regularly converse and

engage in playful activities with his subordinate male employees.

15. Due to the continuing harassment and disparate treatment, in approximately December 2007, Plaintiff contacted Kim Kirk, Human Resources, and Mark Rios, Warehouse Supervisor, to report her supervisor's gender discrimination. Plaintiff specifically reported that Operations Manager Downs was harassing Plaintiff in a disparate manner than her male co-workers.

16. Despite the very specific evidence and examples Plaintiff provided of gender discrimination, Defendant took no action to address Plaintiff's complaints or to rectify the disparate treatment.

17. As a result of Defendant's lack of addressing Plaintiff's complaints, Operations Manager Downs accelerated his harassment against Plaintiff, including loudly berating Plaintiff in the presence of her subordinate employees and sending Plaintiff home before the end of her shift for no reason or explanation.

18. Rather than to continue to endure Defendant's hostile and discriminatory work environment, in a meeting in December 2007 with Operations Manager Downs, Human Resources Kirk, and Mark Rios, Warehouse Manager, Plaintiff informed Defendant that she was forced to step down from the position as Lead Person to the non-supervisory role of Material Handler due to Downs' continued harassment and disparate treatment.

19. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive demotion of Plaintiff's employment.

20. As a prerequisite for the demotion, Defendant further required Plaintiff to participate in their Employee Assistance Program for anger management counseling.

21. Following the constructive demotion of Plaintiff's employment, Defendant replaced

Plaintiff's position, duties, and responsibilities as a Second Shift Lead Person with Rodney Hayden, a male employee.

22.     On February 12, 2008, Plaintiff left work on her break to place ice on her thumb, which she had previously strained at home while moving boxes. Plaintiff returned to work by the end of her break and completed the remainder of her shift without incident or accident.

23.     As Plaintiff was preparing to leave at the end of her shift, Operations Manager Downs approached her and ordered Plaintiff to take a drug test based on her thumb injury.

24.     Defendant's policies and procedures require a drug test if there is an injury on the job which requires medical attention, and states that an employee may be subject to a drug test if they are involved in a job-related accident.

25.     As Plaintiff's injury did not require medical attention and was not job-related, Plaintiff protested the order.

26.     In response, Operations Manager Downs immediately terminated Plaintiff's employment, stating "I take it this is your resignation", and escorted her out of the premises. Three days later, on February 15, 2008, Defendant called Plaintiff to communicate that her employment had been officially terminated.

27.     In contrast to Plaintiff, numerous other male employees have been involved in serious on the job accidents yet have not been required to submit to a drug test, or terminated for their purported failure to do so, including Greg Kennedy and Tim Ryan.

28.     The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on her gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WENDY MINTER, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of gender;

C. Order Defendant to make whole WENDY MINTER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to WENDY MINTER;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - RETALIATION

30. Paragraphs one (1) through fourteen (14) are incorporated by reference as if fully set out herein.

31. Due to the continuing harassment and disparate treatment, in approximately December 2007, Plaintiff contacted Kim Kirk, Human Resources, and Mark Rios, Warehouse Supervisor, to report her supervisor's gender discrimination. Plaintiff specifically reported that Operations Manager Downs was harassing Plaintiff in a disparate manner than her male co-workers.

32. Despite the very specific evidence and examples Plaintiff provided of gender discrimination, Defendant took no action to address Plaintiff's complaints or to rectify the disparate treatment.

33. As a result of Defendant's lack of addressing Plaintiff's complaints, Operations Manager Downs accelerated his harassment against Plaintiff, including loudly berating Plaintiff in the presence of her subordinate employees and sending Plaintiff home before the end of her shift for no reason or explanation.

34. Rather than to continue to endure Defendant's hostile and discriminatory work environment, in a meeting in December 2007 with Operations Manager Downs, Human Resources Kirk, and Mark Rios, Warehouse Manager, Plaintiff informed Defendant that she was forced to step down from the position as Lead Person to the non-supervisory role of Material Handler due to Downs' continued harassment and disparate treatment.

35. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive demotion of Plaintiff's employment.

36. As a prerequisite for the demotion, Defendant further required Plaintiff to participate in their Employee Assistance Program for anger management counseling.

37. Following the constructive demotion of Plaintiff's employment, Defendant replaced Plaintiff's position, duties, and responsibilities as a Second Shift Lead Person with Rodney Hayden,

a male employee who did not engage in statutorily protected activity.

38. As a result of Defendant's lack of addressing Plaintiff's complaints, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on January 18, 2008, complaining of gender discrimination and retaliation.

39. Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on her opposition to and reporting of Defendant's discriminatory conduct towards female employees.

40. In close proximity to the filing of her charge of discrimination, Defendant initiated a series of events that led to the termination of Plaintiff's employment.

41. On February 12, 2008, Plaintiff left work on her break to place ice on her thumb, which she had previously strained at home while moving boxes. Plaintiff returned to work by the end of her break and completed the remainder of her shift without incident or accident.

42. As Plaintiff was preparing to leave at the end of her shift, Operations Manager Downs approached her and ordered Plaintiff to take a drug test based on her thumb injury.

43. Defendant's policies and procedures require a drug test if there is an injury on the job which requires medical attention, and states that an employee may be subject to a drug test if they are involved in a job-related accident.

44. As Plaintiff's injury did not require medical attention and was not job-related, Plaintiff protested the order.

45. In response, Operations Manager Downs immediately terminated Plaintiff's employment, stating "I take it this is your resignation", and escorted her out of the premises. Three days later, on February 15, 2008, Defendant called Plaintiff to communicate that her employment

had been officially terminated.

46. In contrast to Plaintiff, numerous other male employees have been involved in serious on the job accidents yet have not been required to submit to a drug test, or terminated for their purported failure to do so, including Greg Kennedy and Tim Ryan.

47. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of her complaints of gender discrimination.

48. The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

49. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, WENDY MINTER, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex, and retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole WENDY MINTER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to WENDY MINTER;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff her attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

50. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

                Respectfully submitted,
                WENDY MINTER, Plaintiff,


            By: s/Lisa Kane
                Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Wendy Minter
1823 Mulberry Dr
Montgomery, IL 60538

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

08CV2050  TC
JUDGE SHADUR
MAGISTRATE JUDGE COX

Certified Mail 7099 3400 0014 4053 8573

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.  440-2008-03297

EEOC Representative: Jacquelyn C. Gandy, Investigator Support Asst

Telephone No. (312) 886-5976

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe, District Director        3/4/2008 (Date Mailed)

Enclosures(s)

cc: G & D INTEGRATED DISTRIBUTION, INC.



RECEIVED MAR -6 2008

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Wendy Minter
1823 Mulberry Dr
Montgomery, IL 60538

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

08CV2050   TC
JUDGE SHADUR
MAGISTRATE JUDGE COX

Certified Mail 7099 3400 0014 4053 9686

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-30236 | Jerry Zhang, Investigator | (312) 353-7522 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

4/1/08
(Date Mailed)

Enclosures(s)

cc: G&D INTEGRATED DISTRIBUTION, INC.



RECEIVED APR -7 2008