```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

Wendy Minter,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     No. 08 C 2050
                                   )
G&D Integrated Distribution, Inc., )
                                   )
          Defendant.               )
```

## MEMORANDUM ORDER

G&D Integrated Distribution, Inc. ("G&D") has filed its Answer and Affirmative Defenses ("ADs") to the employment discrimination Complaint brought against it by its ex-employee Wendy Minter ("Minter"). This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

To begin with, in the few instances in which G&D's counsel have invoked the second sentence of Fed.R.Civ.P. ("Rule") 8(b) to get the benefit a deemed denial of one of Minter's allegations (Answer ¶¶ 6, 22 and 41), each such disclaimer is followed by "and therefore denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase[s] is stricken from each of those paragraphs of the Answer.

Next, at several points G&D moves to strike Minter's use of the term "constructiven demotion" to describe one of the consequences that she sustained during the course of her employment (Answer ¶¶ 19, 21, 35 and 37). But that locution is simply a shorthand label for Minter's allegations in Complaint ¶¶ 18 and 34 "that she was forced to step down from the position as Lead Person to the non-supervisory role of Material Handler due to Downs' continued harassment and disparate treatment." Those who engage in the federal practice should recognize that the viability or nonviability of a claim for relief is not a function of the tyranny of labels -- see NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992). G&D's motion to strike the term "constructive demotion" is denied, and its AD H the same effect is itself stricken.

Finally, various of the ADs are at odds with the underlying concept of Rule 8(c) and the caselaw applying it that require acceptance of a plaintiff's allegations as true, while identifying some reason that plaintiff is not entitled to relief (or may perhaps be entitled to less relief than is claimed). In that respect see App. ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). That flaw would appear to call, for example, for the rejection of ADs B and C. Others of the asserted ADs may be vulnerable as well, but this initial memorandum order will not deal with them, leaving that

subject instead for Minter's counsel to address at some appropriate time.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

May 9, 2008